IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        No. CIV 20-00460 JB\KK
                                                        No. CR 12-03025 JB\KK

JULIO FRANCIA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Julio Francia's second Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, filed April 21, 2020 (CIV Doc. 1; CR Doc. 57)("Second Motion"). Francia is incarcerated and is proceeding pro se. See Second Motion at 2. He challenges his firearm conviction on the ground that Hobbs Act robbery, 18 U.S.C. § 1951(a), is not an underlying "crime of violence" for purposes of 18 U.S.C. § 924(c). Having screened the Motion, the Court concludes that habeas relief is unavailable as a matter of law. The Court will (i) dismiss the Second Motion; (ii) deny a certificate of appealability; and (iii) enter a separate Final Judgment closing the civil habeas case.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 27, 2012, a two-count federal Indictment charged Francia with armed robbery. See Indictment at 1-2, filed November 27, 2012 (CR Doc. 4)("Indictment"). Count 1 alleges a violation of Hobbs Act Robbery, 18 U.S.C. § 1951(a), and states:

> On or about October 17, 2012, in Bernalillo County, in the District of New Mexico, the defendant, JULIO FRANCIA, did unlawfully obstruct, delay and affect interstate commerce, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant did unlawfully take and obtain U.S. currency from the presence of O.L., a person known to the Grand Jury, who was then

> employed by Subway, located at 8520 Montgomery Blvd. NE, Albuquerque, NM, against O.L.'s will by means of actual and threatened force, violence, and fear of injury to the person of O.L., that is, the defendant threatened O.L., with a firearm.

Indictment at 1.  Count 2 alleges a firearm violation under 18 U.S.C. § 924(c) and states:

> On or about October 17, 2012, in Bernalillo County, in the District of New Mexico, the defendant, JULIO FRANCIA, knowingly used, carried and brandished a firearm during and in relation to, and possessed said firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a court of the United States: to wit, interference with interstate commerce by robbery, as charged in Count 1 of this indictment.

Indictment at 2.  On May 22, 2013, an Information charged Francia with four additional counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a).  See Information, filed May 22, 2013 (CR Doc. 26)(Information).  The Information alleges Francia robbed four businesses: two Auto Zone locations, a Taco Bell, and a Twisters Restaurant in 2012.  See Information at 1-2.

In 2013, Plaintiff United States of America and Francia entered into a plea agreement, in which Francia agreed to plead guilty to the above charges.  See Plea Agreement, filed May 22, 2013 (CR Doc. 29).  Francia admitted that, in each business, he pulled out a firearm and demanded money from the register.  See Plea Agreement at 3-4.  The United States and Francia agreed and stipulated, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, "that Defendant shall serve a sentence of incarceration which shall be within a range of fifteen (15) to twenty (20) years."  Plea Agreement at 5.  The Court accepted the Plea Agreement and sentenced Francia to a total term of 210 months of imprisonment, as follows:

> 87 months is imposed as to Count 1 of the Indictment and each of Counts 1 through 3 of Information; said counts shall run concurrently.  87 months is imposed as to Count 4 of Information; 48 months of said term shall run concurrently and 39 months shall run consecutively.  7 years (84 months) is imposed as to Count 2 of Indictment; said term shall run consecutively.

Judgment at 3, filed November 25, 2013 (Doc. 43). The Court also imposed three years of supervised release as to each count of the Indictment and Information, to run concurrently. See Judgment at 4. The Court entered the Judgment on November 25, 2013. See Judgment at 1. Francia did not file a direct appeal.

### 1. The First Motion and First § 2255 MOO.

On July 1, 2016, Francia filed his first Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (CR Doc. 45)("First Motion"). Francia challenged the validity of his § 924(c) firearm conviction pursuant to Johnson v. United States, 576 U.S. 591 (2015). Johnson v. United States focuses on the definition of "violent felony," which appears in both the Armed Career Criminal Act ("ACCA") and § 924(c). 576 U.S. at 591. The definition includes crimes that: (i) have an element of force or threat of force (the "Elements Clause"); or, alternatively (ii) involve conduct that presents a serious potential risk of physical injury (the "Residual Clause"). 18 U.S.C. §§ 924(e)(2)(B)(i)-(ii), 924(c)(3)(A)-(B). In Johnson v. United States, the Supreme Court of the United States of America found the ACCA's latter definition of violent felony -- the Residual Clause -- to be unconstitutionally vague. See Johnson v. United States, 576 U.S. at 596. The Residual Clause requires judges to disregard whether the crime was actually violent and to "imagine how the idealized ordinary case of the crime . . . plays out," including whether the crime potentially presents some undefined degree of risk. Johnson v. United States, 576 U.S. at 596. The First Motion argued that, because § 924(c) mirrors the ACCA's language, Francia's underlying felony -- Hobbs Act Robbery -- is only a "crime of violence" under § 924(c)'s Residual Clause, and that the conviction is therefore invalid under Johnson v. United States. See 576 U.S. at 596.

The Court rejected this argument. See United States v. Francia, No. CR 12-3025 JB, 2017 WL 2266852, at *8-10 (D.N.M. Feb. 28, 2017)(Browning, J.)("First § 2255 Ruling"). In the First § 2255 Ruling, the Court determines that Hobbs Act robbery qualifies as a violent felony under § 924(c)'s Elements Clause, because violent force is an element of the crime. See First § 2255 Ruling, 2017 WL 2266852, at *8-10. The First § 2255 Ruling, therefore, concludes that Francia's § 924(c) firearm conviction is valid, notwithstanding § 924(c)'s defective Residual Clause. See First § 2255 Ruling, 2017 WL 2266852, at *10. In an unrelated case, the United States Court of Appeals for the Tenth Circuit later confirmed that Hobbs Act Robbery is a crime of violence for purposes of § 924(c), and that § 924(c)'s unconstitutional Residual Clause cannot provide relief from an armed robbery conviction. See United States v. Melgar-Cabrera, 892 F.3d 1053, 1064 (10th Cir. 2018), cert. denied, 139 S. Ct. 494 (2018).

### 2. The Circuit Petition and the Certification Order.

On April 21, 2020, Francia filed a Petition for Permission to File a Successive § 2255 Motion with the Tenth Circuit, along with a copy of his proposed Second Motion. See Petition for Permission to File Successive § 2255 Motion in District Court, filed April 21, 2020 in the Tenth Circuit Court of Appeals, Court of Appeals Docket # 20-2050 ("Circuit Petition"). In the Circuit Petition, Francia seeks leave to file a successive habeas claim based on United States v. Davis, 139 S. Ct. 2319 (2019). In United States v. Davis, the Supreme Court formally extends the ruling in Johnson v. United States, holding that a § 924(c) firearm conviction cannot be predicated on an underlying "crime of violence" that falls within § 924(c)'s defective Residual Clause. See United States v. Davis, 139 S. Ct. at 2325-36.

The Tenth Circuit granted leave for Francia to file a successive habeas claim under United

States v. Davis in this Court.  See Order entered May 12, 2020 (CR Doc. 56)("Certification Order").[1]  The Clerk's Office used the Certification Order and a copy of the Second Motion, which Francia originally filed as an attachment to the Circuit Petition, to open a civil habeas case, No. CIV 20-460 JB-KK.  The Court referred the habeas case to the Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases filed November 5, 2020 (CV Doc. 4).  Magistrate Judge Khalsa gave Francia an opportunity to file a more detailed 28 U.S.C. § 2255 motion, or alternatively, to rely on the Second Motion attached to the Circuit Petition.  See Order Regarding Habeas Petition at 1, filed May 18, 2020 (CIV Doc. 3).  The Order states that, if Francia "wishes

---

[1]The Certification Order appears to rely on the mistaken premise that the Tenth Circuit has not resolved the issue of whether Hobbs Act Robbery is a crime of violence for § 924(c)'s purposes.  The Certification Order states:

> In addition to [United States v.] Davis, Mr. Francia's application cites . . . an out-of-circuit district court [that] held that Hobbs Act robbery is not a crime of violence under the [E]lements [C]lause . . . .  We note that this circuit has not yet addressed that issue.  See United States v. Dubarry, 741 F. App'x 568, 570 (10th Cir. [2018])(recognizing that this circuit has not decided the issue), cert. denied, 139 S. Ct. 577 (2018).

Certification Order at 2-3.  The opposite is true: the Tenth Circuit, in United States v. Dubarry, acknowledges Hobbs Act Robbery is a crime of violence, stating: "[I]n United States v. Melgar-Cabrera, 892 F.3d 1053 (10th Cir. 2018), we held that Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A)."  United States v. Dubarry, 741 Fed. App'x at 570.  United States v. Dubarry goes on to suggest that Hobbs Act extortion may not be a crime of violence, but notes that the cases addressing extortion "do not call into question Melgar-Cabrera's holding that Hobbs Act robbery is categorically a crime of violence."  United States v. Dubarry, 741 Fed. App'x at 570.  As in that case, Francia was not charged with extortion, nor does he make any argument that extortion is relevant to his robbery conviction.  The Certification Order clarifies that the Tenth Circuit has not considered the Second Motion's merits.  The Court therefore will address the Second Motion, but must apply binding Tenth Circuit precedent.

to rely on his original § 2255 motion that he submitted to the Tenth Circuit, he does not need to take any further action."  Order Regarding Habeas Petition at 1.

Francia took no further action, and the Court therefore will analyze the Second Motion as the controlling pleading in this habeas case.  Like the prior filings, the Second Motion challenges Francia's § 924(c) conviction on the ground that the Residual Clause is unconstitutionally vague.  See Second Motion at 5.  The Second Motion is ready for initial screening under rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010 (hereinafter, "Habeas Corpus Rule 4").

## LAW REGARDING 28 U.S.C. § 2255 HABEAS RELIEF

Section 2255 provides:

> A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  The defendant must file the initial motion under 28 U.S.C. § 2255 with the court that imposed the sentence for that court's consideration.  See Browning v. United States, 241 F.3d 1262, 1264 (10th Cir. 2001).  Habeas Corpus Rule 4(b) states: "The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Habeas Corpus Rule 4(b).

Section 2255 further provides that a United States Court of Appeals panel must certify a second or successive motion in accordance with § 2244 to contain: (i) newly discovered evidence

that would be sufficient to establish by clear-and-convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (ii) a new rule of constitutional law that was previously unavailable and the Supreme Court made retroactive to cases on collateral review. See 28 U.S.C. § 2255(h).  Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A).  A district court lacks jurisdiction to consider a second or successive motion absent the requisite authorization. Here, the Tenth Circuit has certified Francia's Second Motion, and the Court has jurisdiction.  See Certification Order at 1.

## **LAW REGARDING 18 U.S.C. § 924**

Section 924 of Title 18 of the United States Code provides penalties for crimes of violence involving firearms.  Section 924(c)(1)(A) states:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> > (i)   be sentenced to a term of imprisonment of not less than 5 years;
> >
> > (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> >
> > (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

18 U.S.C. § 924(c)(1)(A).  The statute defines "crime of violence" as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

As noted above, courts call the first clause, see 18 U.S.C. § 924(c)(3)(A), the "Elements Clause," and the second clause, 18 U.S.C. § 924(c)(3)(B), the "Residual Clause," see United States v. Davis, 139 S. Ct. at 2325. Because the Residual Clause is "almost identical" to clauses in related statutes, courts have interpreted these clauses in a consistent manner. See United States v. Davis, 139 S. Ct. at 2325 (discussing the similarity between the residual clauses in the ACCA and the Immigration and Nationality Act, Pub. L. 89-236 and stating that "the same language in related statutes carries a consistent meaning"). The key similar features of the Residual Clause and similar clauses are "an ordinary-case requirement and an ill-defined risk threshold -- combined in the same constitutionally problematic way." Sessions v. Dimaya, 138 S. Ct. 1204, 1207 (2018).

The Tenth Circuit uses the "categorical approach" when deciding whether a predicate offense qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(b), as long as the statute of conviction is indivisible. United States v. Melgar-Cabrera, 892 F.3d at 1061; United States v. Bowen, 936 F.3d 1091, 1102 (10th Cir. 2019). When the court uses the categorical approach to determine whether the predicate act is a crime of violence, the court looks "'only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the

particular facts disclosed by the record of conviction.'" United States v. Bowen, 936 F.3d at 1102 (quoting United States v. Serafin, 562 F.3d 1105, 1107-08 (10th Cir. 2009))(quotations omitted in original). The Supreme Court has described elements as that which the prosecution necessarily must prove at trial or to which the defendant must plead "'to sustain a conviction.'" Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)(quoting Black's Law Dictionary 634 (10th ed. 2014)). Alternatively, the Supreme Court has described facts, in the categorical context, as "mere real-world things -- extraneous to the crime's legal requirements . . . . They are 'circumstance[s]' or 'event[s]' having no 'legal effect [or] consequence'" that "need neither be found by a jury nor admitted by a defendant." Mathis v. United States, 136 S. Ct. at 2248 (quoting Black's Law Dictionary 709). Using the categorical approach, the court compares the "scope of conduct covered by the elements of the crime" with the statute's "'definition of crime of violence.'" United States v. O'Connor, 874 F.3d at 1151 (quoting U.S.S.G. § 4B1.2(a)).

The reviewing court must decide the statutory provision on which the sentencing court relied for conviction. See United States v. Driscoll, 892 F.3d 1127, 1135 (10th Cir. 2018). The Tenth Circuit has stated that the movant carries the burden at the merits stage of the § 2255 challenge to prove that it is "'more likely than not'" that the sentencing court used the residual clause as the basis of sentencing. See United States v. Driscoll, 892 F.3d at 1135 (quoting from and adopting the test of Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017)).

## **ANALYSIS**

Francia challenges his 18 U.S.C. § 924(c) conviction for using a firearm in relation to a crime of violence. See Second Motion at 2. He contends that, pursuant to United States v. Davis, § 924(c)(3)(B) is unconstitutionally vague. See Second Motion at 5 (citing United States v. Davis,

139 S. Ct. at 2336). Francia further notes that the holding in United States v. Davis "'is a new law made retroactive" on collateral review. Second Motion at 5. See United States v. Bowen, 936 F.3d 1091, 1097-98 (10th Cir. 2019). Construed liberally, the Second Motion thus contends that Francia's § 924(c) conviction must be vacated if it is predicated on a crime of violence that falls within the defective Residual Clause. See Second Motion at 5. The § 924(c) conviction may be sustained only if the underlying crime of violence falls within the Elements Clause, and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A)).

The predicate crimes are all the same in this case. Francia pleaded guilty to five counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). See Plea Agreement at 3-4; Judgment at 1-2. The Tenth Circuit has held that Hobbs Act Robbery is "categorically" a crime of violence under § 924(c)'s Elements Clause. See United States v. Melgar-Cabrera, 892 F.3d at 1065-66. United States v. Melgar-Cabrera concludes that § 924(c)'s Elements Clause requires the use of violent force and that the force element in Hobbs Act Robbery "can only be satisfied by violent force." United States v. Melgar-Cabrera, 892 F.3d at 1064-65. The Tenth Circuit therefore affirmed the appellant's § 924(c) conviction for using a firearm in relation to Hobbs Act Robbery, notwithstanding any defective Residual Clause in § 924(c)(3)(B). See United States v. Melgar-Cabrera, 892 F.3d at 1066.

The Tenth Circuit has reaffirmed this precedent on many occassions, even after the Supreme Court issued United States v. Davis. See, e.g., United States v. Myers, 786 Fed. App'x 161, 162 (10th Cir. 2019)(rejecting a claim under United States v. Davis, because Hobbs Act robbery is a violent felony under § 924(c)'s Elements Clause); United States v. Toki, 822 Fed.

App'x 848, 853 (10th Cir. 2020)(rejecting a United States v. Davis claim and noting that United States v. Melgar-Cabrera is binding precedent establishing that Hobbs Act Robbery is a crime of violence for purposes of § 924(c)); United States v. Hendrickson, No. 20-5060, 2020 WL 7310989, at *2 (10th Cir. Dec. 11, 2020)(same); United States v. Kayarath, 822 Fed. App'x 786, 789 (10th Cir. 2020)(same); United States v. Myers, 786 Fed. App'x 161, 162 (10th Cir. 2019), cert. denied, 140 S. Ct. 1288 (2020)(same). The Court also recently acknowledged that "substantive Hobbs Act [R]obbery is a 'crime of violence' as § 924(c)(3)(A) defines . . . because substantive Hobbs Act [R]obbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" United States v. Eccleston, No. CIV 19-1201 JB\CG, 2020 WL 4336361, at *15 (D.N.M. July 28, 2020)(Browning, J.)(quoting 18 U.S.C. § 924(c)(3)(A), and noting that "[c]onspiracy to commit Hobbs Act robbery . . . is not categorically a crime of violence"), reh'g denied, No. CIV 19-1201 JB\CG, 2020 WL 6392821 (D.N.M. Nov. 2, 2020)("Eccleston I"). In Eccleston I, the defendant raised a more difficult habeas claim than Francia presents here, because Eccleston argued that the indictment was unclear whether he was convicted of conspriarcy to commit substantive Hobbs Act Robbery, which is not a crime of violence, or substantive Hobbs Act Robbery. See Eccleston I, 2020 WL 4336361, at *15 (concluding that conspiracy to commit substantive Hobbs Act Robbery, or aiding and abetting Hobbs Act Robbery, do not fall necssarily within the holding of United States v. Melgar-Cabrera.). See also United States v. Eccleston, No. CIV 19-1201 JB\CG, 2020 WL 6392821, at *41 (D.N.M. Nov. 2, 2020)(Browning, J.)("Eccleston II")(denying a motion to reconsider Eccleston I, because the defendant was convicted of substantive Hobbs Act Robbery, which is crime of violence, not conspirary to commit Hobbs Act Robbery or attempted Hobbs Act Robbery, which

- 11 -

are not a crimes of violence).

No such nuance exists here, however. Francia pleaded guilty to substantive Hobbs Act Robbery. See Plea Agreement at 3-4. He admitted that, in each business, he pulled out a firearm and demanded money from the register, and obtained a certain amount of cash. See Plea Agreement at 3-4. Accordingly, United States v. Melgar-Cabrera dictates the outcome of his habeas claim. See 892 F.3d at 1060-63. Hobbs Act Robbery is a crime of violence under § 924(c)'s Elements Clause. See United States v. Melgar-Cabrera, 892 F.3d at 1063-64; Eccleston I, 2020 WL 4336361, at *15; Eccleston II, 2020 WL 6392821, at *41. The Court properly sentenced Francia for using a firearm in relation to a crime of violence, notwithstanding United States v. Davis' holding that invalidates § 924(c)'s defective Residual Clause. See United States v. Davis, 139 S. Ct. at 2336.

Alternatively, even if United States v. Davis warrants habeas relief, the Court would still deny Francia's Second Motion. As part of his plea, Francia "waive[d] any collateral attack to the conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering th[e] plea or . . . waiver." Plea Agreement at 8. The Second Motion does not address counsel's performance. See Second Motion at 2-12. The Plea Agreement therefore bars Francia's § 2255 claim.

For the foregoing reasons, the Court concludes the Second Motion does not survive initial screening under Habeas Corpus Rule 4. The Court will deny the Second Motion.

## **CERTIFICATE OF APPEALABILITY**

Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts, effective February 1, 1997, and amended on February 1, 2010, requires "[t]he district court

[to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Francia must show "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons above, the Court concludes reasonable jurists would not debate that Francia's habeas claims are substantively meritless, and that the Plea Agreement bars relief. See 892 F.3d at 1060-63. The Court, therefore, will deny a certificate of appealability.

**IT IS ORDERED** that: (i) Petitioner Julio Francia's second Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, filed April 21, 2020 (CIV Doc. 1; CR Doc. 57) is dismissed; (ii) the Court denies a certificate of appealability; and (iii) the Court will enter a separate Final Judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Julio Francia
Bennettsville, South Carolina

  *Pro se petitioner*